UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WILBUR UTTKE
1516 De La Warr Circle
Mequon, Wisconsin 53092

        Plaintiff,

        v.

ROSATIS PIZZA FALLS, INC.
N81W15086 Appleton Avenue
Menomonee Falls, Wisconsin 53051

        and

NEEL PATEL
N81W15086 Appleton Avenue
Menomonee Falls, Wisconsin 53051

        Defendants

Case No.: 20-cv-314

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Wilbur Uttke, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.     This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4.     Plaintiff, Wilbur Uttke, is an adult male resident of the State of Wisconsin with a post office address of 1516 De La Warr Circle, Mequon, Wisconsin 53092.

5.     Defendant, Rosatis Pizza Falls, Inc., was, at all material times herein, a commercial entity doing business in the State of Wisconsin with a principal address of N81W15086 Appleton Avenue, Menomonee Falls, Wisconsin 53051.

6.     Defendant Rosatis is a pizza restaurant, physically located at N81W15086 Appleton Avenue, Menomonee Falls, Wisconsin 53051.

7.     Defendant, Neel Patel, was, at all material times herein, an individual resident of the State of Illinois with a principal business address of N81W15086 Appleton Avenue, Menomonee Falls, Wisconsin 53051.

8.     Defendant Patel is the registered agent in the State of Wisconsin for Defendant Rosatis.

9.     Defendant Patel owns, operates, and manages Defendant Rosatis.

10.     In addition to owning, operating, and managing Defendant Rosatis, Defendant Patel also owns, operates, and manages another pizza restaurant, physically located at 177 North Neltnor Boulevard, West Chicago, Illinois 60185.

11. During the relevant time periods as stated herein, Defendant Rosatis was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant Rosatis employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant Rosatis' annual dollar volume of sales or business exceeded $500,000.

14. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

16. During the relevant time periods as stated herein, Defendant Patel was an "employer" as that term is defined under the FLSA and/or the WWPCL.

17. During Plaintiff's employment with Defendants, Defendant Patel had the ability and authority to hire, terminate, promote, demote, and/or suspend Plaintiff.

18. During Plaintiff's employment with Defendants, Defendant Patel established Plaintiff's compensation methods, rates, and structure.

19. During Plaintiff's employment with Defendants, Defendant Patel controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Patel reviewed Plaintiff's work performance.

21.     During Plaintiff's employment with Defendants, Defendant Patel tracked and/or recorded Plaintiff's hours of work and established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

22.     During Plaintiff's employment with Defendants, Defendant Patel established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

23.     During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

24.     In approximately October 2018, Defendants hired Plaintiff into the position of Cook.

25.     Subsequent to Defendants' hire of Plaintiff in approximately October 2018, Defendants promoted Plaintiff into the positions of Supervisor and Assistant Manager.

26.     During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay for any and all compensable work performed on their behalf, with their knowledge, at their direction, and/or for their benefit.

27.     During the entirety of Plaintiff's employment with Defendants, Defendants agreed to compensated Plaintiff with an hourly rate of pay for any and all compensable work performed on their behalf, with their knowledge, at their direction, and/or for their benefit.

28.     During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-weekly basis via check.

29.     During Plaintiff's employment with Defendants, Defendants workweek for FLSA and WWPCL purposes was Monday through Sunday.

30.     During Plaintiff's employment with Defendants, Plaintiff often worked in excess of forty (40) hours per workweek.

31.     In approximately September 2019, Plaintiff's employment Defendants ended.

32.     During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

33.     During the entirety of Plaintiff's employment with Defendants and despite Plaintiff frequently working in excess of forty (40) hours per workweek, Defendants did not compensate Plaintiff with overtime pay of time-and-one-half of Plaintiff's regular rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

34.     During Plaintiff's employment with Defendants, Defendants maintained an electronic timekeeping system for tracking and/or recording Plaintiff's hours worked each work day.

35.     During Plaintiff's employment with Defendants, Plaintiff recorded hours worked each work day via Defendants' electronic timekeeping system. However, Defendants' electronic timekeeping system did not actually or accurately record *all* of Plaintiff's hours worked each work day and each workweek.

36.     During Plaintiff's employment with Defendants, Plaintiff's normal and customary weekly work schedule was approximately six (6) days per week, from approximately 2:00 p.m. to 10:00 p.m.

37.     Each work day during Plaintiff's employment with Defendants, Plaintiff routinely performed pre-shift and post-shift compensable work in the furtherance of his job duties and at Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

38.     Each work day during Plaintiff's employment with Defendants, Plaintiff's normal and customary practice or routine was to perform pre-shift compensable work (prior to his approximately 2:00 p.m. daily start time) in the furtherance of his job duties, such as cooking food, answering phone calls, and helping delivery drivers prepare for their deliveries.

39.     During Plaintiff's employment with Defendants, Plaintiff performed approximately fifteen (15) to thirty (30) minutes of pre-shift work each work day, as described herein and prior to his approximately 2:00 p.m. daily start time, in furtherance of his job duties and at Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

40.     Each work day during Plaintiff's employment with Defendants, Plaintiff's normal and customary practice or routine was to perform post-shift compensable work (after his approximately 10:00 p.m. daily end time) in the furtherance of his job duties, such as closing Defendants' register, communicating with Defendant Patel regarding Defendants' "Z Total," cleaning, and closing Defendant Rosatis' for the day.

41.     During Plaintiff's employment with Defendants, Plaintiff performed approximately fifteen (15) to forty-five (45) minutes of post-shift work each work day (after his approximately 10:00 p.m. daily end time), as described herein, in furtherance of his job duties and at Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

42.     During Plaintiff's employment with Defendants, Defendant Patel verbally instructed Plaintiff on more than one occasion to perform the type of pre-shift and post-shift work as described herein but not to record said pre-shift and post-shift work performed via Defendants' electronic timekeeping system.

43.     During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for any of the pre-shift and post-shift compensable work performed, as described herein.

44.     During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked each workweek, including but not limited to at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

45.     Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

46.     Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

47.     Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in a total amount that remains to be determined, including at an overtime rate of pay and/or at a regular rate of pay, plus liquidated damages and attorneys' fees and costs.

## FIRST CAUSES OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

48.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

49.     Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

50.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

51.     Plaintiff was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek during his employment with Defendants, but Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

52.     Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay during workweeks when he worked in excess of forty (40) hours during his employment with Defendants was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

53.     As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages and overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

54.     Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

55.     Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSES OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)**

56.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57.     At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

58.     At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

59.     At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

60.     At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for

these activities at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

61.     Defendants willfully and intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek during his employment with Defendants.

62.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

63.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AN AGREED-UPON WAGE)

64.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

65.     At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

66.     At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

67. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

68. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at his previously agreed-upon hourly rate of pay with Defendants.

69. During Plaintiff's employment with Defendants, Defendants willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed each workweek, including but not limited to at his regular hourly rate of pay and/or with agreed-upon wages as defined in Wis. Stat. § 109.01(3), during his employment with Defendants, in violation of the WWPCL.

70. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

71. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to overtime wages and agreed-upon wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 26th day of February, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com